FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ SEP 16 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

            Plaintiff

-v-

EDUARD YUSUPOV

            Defendant.
----------------------------------------------------------X

07-CR-404 (SJ)

**MEMORANDUM AND ORDER**

APPEARANCES:
UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
225 Cadman Plaza East
Brooklyn, New York 11201
By:    William Campos, Esq.
Attorney for Plaintiff


ALBERT DAYAN, ESQ.
80-02 Kew Gardens Road
Kew Gardens, NY 11415
By:    Albert Dayan, Esq.
Attorney for Defendant

JOHNSON, Senior District Judge:

      Presently before the Court is the government's motion *in limine*, which seeks a pretrial ruling allowing for: 1) the admission of certain evidence of an additional uncharged act, during trial, as direct evidence of the crimes charged in the indictment. For the reasons provided below, the government's motion is granted.

## I. General Overview

1

A grand jury sitting in the Eastern District of New York returned a three-count indictment charging Eduard Yusupov (the "Defendant") with conspiracy to deal in counterfeit currency and two counts of dealing in counterfeit currency. See Indictment, Cr. No. 07-404 (SJ). The conspiracy count charges the Defendant with conspiring to sell, engage, transfer and deliver false...counterfeit United States currency," between May 2006 and July 24, 2006, with the "intent that the same be passed, published and used as true and genuine." Id.

## II. Evidence of the Defendant's Involvement in Additional Counterfeit Currency Transactions

The government seeks to introduce the following as evidence in support of the charged conspiracy:

1. evidence that the Defendant allegedly exchanged counterfeit currency at an entertainment establishment in Arizona on May 18-19, 2006.

Specifically, the government intends to enter evidence that the Defendant used counterfeit currency in order to pay for goods and services at a business in Arizona. The counterfeit currency which was allegedly used in Arizona, is of the same type as the counterfeit currency which forms the basis of Counts One and Three of the Indictment. Gov. Mot. in Limine ("Gov. Mot.") at 2-3. As a result, the government argues that the transaction in Arizona is relevant "to prove the [D]efendant's involvement in the charged counterfeit currency distribution conspiracy and to show the [D]efendant's knowledge that the currency was indeed

2

counterfeit." Id. at 3. "The government seeks to offer evidence of the [Arizona transaction] …to establish the [D]efendant's knowledge, plan, intent and lack of mistake." Id. at 4.

According to the government, after being interviewed by the police for passing the currency in Arizona, the Defendant "was arrested but subsequently released and not prosecuted." Id. The government seeks to use this evidence to show that the Defendant knew that the "currency he [allegedly] offered to sell and sold was counterfeit currency." Id. As stated in US v. Martino, 759 F. 2d 998, 1005 (2d Cir. 1985), Second Circuit case law establishes that when a defendant's intent and knowledge are at issue, evidence of involvement in crimes other than those charged is often admissible under Rule 404(b).

The government relies upon United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 1994) which held that "evidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." The government also points out that "when the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." Gov. Mot., at 2. See also (United States v. Bagaric, 706 F.2d 42, 64 (2d. Cir. 1983), "It is clear the Government may offer proof of acts not included within the indictment, as long as they are within the scope

3

of the conspiracy."); (United States v. Concepcion, 983 F.2d 369, 392 (2d. Cir. 1992), "An act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged.")

Defense counsel argues that the "use of a prior conviction for a similar crime, with no probative value, but rather [to] creat[e] bias...to give the jury the impression of propensity, is reversible error." Def. Mot. in Opp'n. ("Def. Mot.") at 2. Defense counsel claims that its defense at trial will be a denial that the Defendant sold the counterfeit currency to the government's witness. "Therefore," the defense argues, "there is no issue in this case of whether [D]efendant knew the moneys were counterfeit, since he flatly denies making the sale. Therefore, without proceeding further, there is no probative value within the meaning of Section 404-b of the Federal Rules of Evidence." Def. Mot. at 1. The Defendant's argument however, misses the mark.

In the Second Circuit, Rule 404(b) evidence is evaluated under an "'inclusionary approach' and allows evidence 'for any purpose other than to show a defendant's criminal propensity.'" US v. Garcia, 291 F.3d 127, 136 (2d Cir. 2001), citing, US v. Pitre, 960 F.2d 1112, 1118 (2d Cir. 1992) (internal quotations omitted). Courts may "admit evidence of prior bad acts if the evidence is relevant to an issue at trial other than the defendant's character, and if the probative value of the

4

P-049

evidence is not substantially outweighed by the risk of unfair prejudice." Garcia, at 136.

Rule 404(b) provides in part that, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). "Knowledge and intent are permissible purposes for which courts can admit evidence of prior acts." Garcia, at 137. As noted *supra*, since the indictment in the instant case contains a conspiracy charge, "uncharged acts may be admissible as direct evidence of the conspiracy itself." US v. Thai, 29 F.3d 785, 812 (1994). The court in US v. Thai, determined that "[i]t is clear the government may offer proof of acts not included within the indictment, as long as they are within the scope of the conspiracy." Id. at 812. Citing US v. Bagaric, 706 F.2d at 64. "An act that is alleged to have been done in furtherance of the alleged conspiracy…is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." See Thai, at 812 (internal citations omitted).

In order to properly admit prior act evidence pursuant to Rule 404(b), the Second Circuit applies the following four part analysis, which considers whether: (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court

P-049

administered an appropriate limiting instruction. See Huddleston v. United States, 485 U.S. 681, 691-92, 99 (1988).

It is the government's responsibility to "identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." Garcia. at 137. If the government is unable to "identify a similarity or some connection between the prior and current acts, then evidence of the prior act is not relevant to show knowledge and intent." Id. at 136.

The prior act at issue in this case, is being offered for the purpose of proving "the [D]efendant's involvement in the charged counterfeit currency distribution conspiracy and to show the [D]efendant's knowledge that the currency was indeed counterfeit." Gov. Mot. at 3. As it pertains to whether the probative value of the prior act evidence substantially outweighs the danger of its unfair prejudice to the Defendant, the Court must apply the probative-prejudicial balancing test in Federal Rule of Evidence 403. Under that rule, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is not unfairly prejudicial simply because it is harmful to the defendant; rather the rule refers to the negative *consequences* of unfair prejudice, which is the "tendency to suggest decision on an improper basis, commonly, though not

necessarily, an emotional one." United States v. Brady, 26 F.3d 282, 287 (2d Cir. 1994) (citing the Advisory Committee Notes, Fed. R. Evid. 403).

Testimony that the Defendant attempted to pass counterfeit currency is relevant to "inform the jury of the background of the conspiracy charged…complete the story of the crimes charged, and…help[s] explain to the jury how the illegal relationship between participants in the crime developed." United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992); see also United States v. Pipola, 83 F.3d 556, 566 (2d Cir. 1996). The government aptly points out that similar "background evidence has been specifically approved when introduced 'to furnish an explanation of the understanding or intent with which acts were performed.'" Gov. Mot. at 3, citing US v. Skowronski, 968 F.2d 242, 246 (2d Cir. 1992).

The indictment indicates that the conspiracy began in May 2006. The attempt to pass counterfeit currency during May 18 is plainly an "act[] in the furtherance of the conspiracy and hence falls squarely within this principle. Thus, though [the Defendant's] participation in [attempting to pass counterfeit currency] was not alleged in the indictment as such an act," the evidence is of the sort considered appropriate under this analysis. See Thai, at 812.

In any event, potential prejudice arising from the introduction of such evidence would be minimal as the uncharged act does not "involve conduct any more sensational or disturbing than the offenses charged." Pitre, 960 F.2d at 1120. Out of an abundance of caution, this Court will also issue a limiting instruction to

7

restrict the jury's consideration of the evidence to the purpose for which it is offered.

For the reasons stated above, this Court will allow the government to submit as evidence, testimony that the Defendant attempted to pass counterfeit currency at an establishment in May 2006 while in Arizona.

### III. Conclusion

Therefore, for the above mentioned reasons, the government's motion *in limine* is granted.

SO ORDERED.

Dated: September 15, 2008  
      Brooklyn, NY

s/Sterling Johnson, Jr.  
Senior United States District Judge

8

P-049